# EXHIBIT A


(https://www.traviscountytx.gov)

## District Clerk – AARO – Attorney Access to Records Online

## Details

Updated: Wednesday, July 27, 2016 5:08:11 AM

| | |
|---|---|
| Cause Number | D-1-GN-16-002735 |
| Style | CLARK V SOUTHWEST AIRLINES CO |
| Filed Date | 6/27/2016 |
| Court | 345 |
| Type | EMPLOYMENT DISCRIM HARASS (GEN LIT) |
| Case Status | PENDING |
| Action/Offense | |
| Hearing Date | |

Request Documents (/aaro/Content/record_search

New Search (/aaro/)

| Attorney | Type | Party – Full/Business | Party – Person |
|---|---|---|---|
| GRIGGS BRUCE A | DEFENDANT | SOUTHWEST AIRLINES CO | |
| VERRETT DANIEL ANTHONY | DEFENDANT | SOUTHWEST AIRLINES CO | |
| MELTON JOHN FOSTER | PLAINTIFF | | CLARK, TATE |

| Date | Court | Party | Description | Category | Pages | |
|---|---|---|---|---|---|---|
| 7/22/2016 | 345 | DF | ORIGINAL ANSWER | ANS-RESP | 3 | Download (/aaro/Default/GetPdf?barCodeId=4696787) |
| 7/7/2016 | 345 | DF | EXECUTED SERVICE | SRV PROCESS | 2 | Download (/aaro/Default/GetPdf?barCodeId=4671068) |
| 6/27/2016 | 345 | DF | ISS:CITATION | ISSUANCE | 0 | PDF not available |
| 6/27/2016 | 345 | PL | ORIGINAL PETITION/APPLICATION | PET-PL | 7 | Download (/aaro/Default/GetPdf?barCodeId=4654024) |

Request Documents (/aaro/Content/record_search_fillable.pdf)

New Search (/aaro/)

© 2016 Travis County, Texas - All rights reserved.

6/27/2016 9:41:01 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-16-002735
Marco Rubio

CIVIL ACTION NO. D-1-GN-16-002735

| | | |
|---|---|---|
| TATE CLARK, | § | IN THE DISTRICT COURT |
|     Plaintiff, | § | |
| | § | |
| v. | § | 345th JUDICIAL DISTRICT |
| | § | |
| | § | |
| SOUTHWEST AIRLINES CO., | § | |
|     Defendant. | § | TRAVIS COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, TATE CLARK, and files this Original Petition complaining of Defendant SOUTHWEST AIRLINES CO. (sometimes referred to herein as "SWA" or "Defendant"), and for cause of action would show the Court the following:

## I.

## DISCOVERY

1.1   Plaintiff intends to conduct discovery under Rule 190.3 (Level 2) of the Texas Rules of Civil Procedure.

## II.

## THE PARTIES

2.1   Plaintiff is an individual who can be contacted through counsel.

2.2   Defendant is an entity that may be served through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporation Service Company, 211 E.7th Street, Suite 620, Austin, TX 78701.

## III.

## JURISDICTION, VENUE AND CONDITION PRECEDENT

3.1     The amount in controversy exceeds the jurisdictional minimum amount in controversy for this Court. Plaintiff seeks monetary relief over $1,000,000.

3.2     Pursuant to *Texas Civil Practice and Remedies Code* §15.002, venue is proper in Travis County, Texas, as it is the county in which a substantial part of the events or omissions giving rise to these claims occurred.

3.3     All conditions precedent have been performed or have occurred.

## IV.

## FACTS

4.1     Plaintiff Tate Clark formerly worked for Defendant SWA. Starting in 2011, he was approved for intermittent FMLA leave due to migraines. Mr. Clark had the issue since he was a child but the condition worsened after he turned 30. He was regularly approved for this leave from his doctors, even though some of his co-workers and management did not accept this diagnosis and ultimately retaliated against him for it.

4.2     One of Plaintiff's supervisors gave him a poor evaluation due to his attendance. The missed days of work were almost exclusively days approved for FMLA leave. Mr. Clark's union representative heard that management was trying to establish a pattern of his FMLA use to reprimand him for it.

4.3     One day after coming back to work from a day of FMLA leave Mr. Clark found a note in his work mailbox that simply said "Leave" and was attached to a stack of transfer requests. Management treated the situation like a joke. Mr. Clark submitted a formal complaint to human resources but not much was done about it.

4.4     On or about March 9, 2015 Mr. Clark was fired by SWA for allegedly making a threatening comment to a co-worker on February 25, 2015 about obtaining a trench coat to hide a shotgun so that he could bring a gun to work. This ridiculous allegation was somehow found to be credible by SWA after a "thorough and complete investigation" into the matter. The investigation was a sham. SWA's "thorough and complete investigation" apparently failed to discover the fact that the same employee who had accused Mr. Clark of making the outlandish threat had done a similar thing to another SWA employee and the company had determined her to not be credible. SWA fired Mr. Clark anyway, then made sure that his badge was revoked by the City of Austin to prevent Mr. Clark from obtaining another job at any other airport.

4.5     After Mr. Clark was terminated one of his co-workers admitted to Mr. Clark's union representative that he was a great worker who was not intimidating at all but that he had a bad work ethic because he would use FMLA causing some of his co-workers to have to work overtime.

## V.

## CAUSES OF ACTION

5.1     The allegations contained in Paragraphs 4.1 through 4.5 inclusive are hereby incorporated by reference for all causes of action.

### FMLA Violations

5.2     The FMLA contains two distinct provisions: (1) an entitlement clause and (2) an anti-discrimination clause. See 29 U.S.C. §§ 2612, 2615. The entitlement clause provides a series of entitlements which give certain rights to employees, such as the right to have their job back once they return from a qualified leave. This FMLA also contains provisions to prevent an employer from retaliating against an employee for taking FMLA leave. See 29 U.S.C. §2615(a) and 29 U.S.C.

3

§2615(b). Defendant is in willful violation of the FMLA. Defendant has violated 29 U.S.C. §2612, §2614 and 29 U.S.C. §2615(a) and 29 U.S.C. §2615(b).

5.3   SWA has retaliated against Plaintiff by terminating his employment, making sure the City of Austin revoked his Airport badge, and by refusing to hire him back. Plaintiff availed himself of a protected right under the FMLA, was subsequently terminated, and Defendant refuses to hire him back. There is a causal connection between the Plaintiff's protected activity and the employment decisions regarding Plaintiff made by Defendant. Plaintiff's taking of FMLA was a motivating factor in the employment decision regarding Plaintiff, and as such, was a cause of Plaintiff's damages, as set forth below.

## VI.

## DAMAGES

6.1   As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages or back pay, interest on back pay and front pay, future wages or front pay, employment benefits in the past and future, liquidated damages, lost earnings in the past and future, and all lost benefits under the contract or employment relationship.

6.2   Due to FMLA violations, Plaintiff further seeks all damages including all wages and benefits denied or lost by the violations, actual monetary losses sustained as a direct result of the violations, interest on the lost wages/benefits or actual monetary losses, liquidated damages equal to the sum of the lost wages/benefits or actual monetary losses, attorneys' fees, expert witness fees and costs. See 29 U.S.C. §2617(a)(1).

4

## VII.

### ATTORNEYS' FEES AND EXPERT FEES

7.1   A prevailing party may recover reasonable attorneys' fees, expert fees, and costs. Plaintiff brings suit for these fees from Defendant. Plaintiff seeks all reasonable expert fees and attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal work, any appeal to the Texas Court of Appeals of the Fifth Circuit Court of Appeals, making or responding to an application for writ of error to the Texas Supreme Court, making or responding to an application for writ of error to the United States Supreme Court, an appeal to the Texas Supreme Court or United States Supreme Court if an application for writ of error is granted, and post-judgment discovery and collection in the event execution on the judgment is necessary.

## VIII.

### JURY DEMAND

8.1   Plaintiff hereby demands a trial by jury of all the issues and facts in this case and has tendered the requisite fee.

### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and, upon final trial, Plaintiff have Judgment against Defendant as requested above, and as follows:

1.   Judgment against Defendant for all damages alleged in this petition;

2.   Interest before and after judgment at the highest rate provided by law, until paid;

3.   Costs of suit;

4.   Reasonable and necessary attorneys' fees and expert witness fees;

5

5.      Such other and further relief to which Plaintiff may be justly entitled.


                        Respectfully submitted,

                        THE MELTON LAW FIRM, P.L.L.C.
                        2705 Bee Cave Road, Suite 220
                        Austin, Texas 78746
                        (512) 330-0017 Telephone
                        (512) 330-0067 Facsimile


                        /s/ John F. Melton
                        John F. Melton
                        State Bar No. 24013155

                        ATTORNEYS FOR PLAINTIFF

C I T A T I O N
T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-16-002735**

TATE CLARK

    vs.

SOUTHWEST AIRLINES CO.,

, Plaintiff

, Defendant

Filed in The District Court
of Travis County, Texas

JUL 07 2016

At _____ M.
Velva L. Price, District Clerk

TO: SOUTHWEST AIRLINES CO.
    BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY
    D/B/A CSC-LAWYERS INCORPORATION SERVICE COMPANY
    211 E. 7TH STREET, SUITE 620
    AUSTIN, TEXAS 78701

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the ORIGINAL PETITION of the PLAINTIFF in the above styled and numbered cause, which was filed on JUNE 27, 2016 in the 345TH JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at office, June 27, 2016.

REQUESTED BY:
JOHN FOSTER MELTON
2705 BEE CAVE RD #220
AUSTIN, TX 78746-5685
BUSINESS PHONE:(512)330-0017  FAX:(512)330-0067



Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: CHLOE JIMENEZ

— — — — — — — — — — — — R E T U R N — — — — — — — — — — — —

Came to hand on the **30** day of **JUNE**, **2016** at **11:06** o'clock **A** M., and executed at _____ within the County of _____ on the _____ day of _____, _____, at _____ o'clock _____ M., by delivering to the within named _____, each in person, a true copy of this citation together with the PLAINTIFF'S ORIGINAL PETITION accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $**71.00**

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Notary Public, THE STATE OF TEXAS

Sheriff / Constable / Authorized Person

By: **RETURN ATTACHED**
Printed Name of Server

_____ County, Texas

D-1-GN-16-002735      SERVICE FEE NOT PAID    **DRLS**    F01 - 000041690
☐ Original   ☐ Service Copy                   516 West Annie St.
                                              Austin, Texas 78704
                                              2064

|||||||||||||
004671068

| | |
|---|---|
| RETURN | Cause No. D-1-GN-16-002735 |

Came to hand on the 30th day of June, 2016, at 11:06 o'clock a.m.

X    Citation
X    Plaintiff's Original Petition
X    Lawyer Referral Info. Sheet

Executed at 211 E. 7th Street, Ste. 620, Austin, Texas 78701, within the County of Travis, on the 30th day of June, 2016, at 2:00 o'clock p. m., by delivering to the within named, SOUTHWEST AIRLINES CO., by delivering to its Registered Agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, by delivering in person to Sue Vertrees, employee designated to receive process for the registered agent, a true and correct copy of the above specified civil process, having first endorsed thereupon the date of delivery. I am over eighteen (18) years of age and not a party to or interested in the outcome of the above numbered cause. I am authorized to serve citations and other notices in this cause by Texas Supreme Court Order #SCH1660, exp. 11/30/2017. The statements/facts herein contained are within my personal knowledge. This return is attached to original process or a true copy thereof. I declare under penalty of perjury that the foregoing is true and correct.

    Tod E. Pendergrass
Printed Name of Process Server             Signature of Process Server
                                                                 Re: Melton/2064

VERIFICATION
STATE OF TEXAS, COUNTY OF TRAVIS

Before me, a notary public, on this day personally appeared the above named person, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements and facts therein contained are within his/her personal knowledge and true and correct. Given under my hand and seal of office on the 30th day of June, 2016.

STAR SALAZAR
NOTARY PUBLIC
State of Texas
Comm. Exp. 04-27-2019

Notary Public Signature in and for
The State of T E X A S

7/22/2016 10:19:58 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-16-002735
Irene Silva

CAUSE NO. D-1-GN-16-002735

| | | |
|---|---|---|
| **TATE CLARK,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **345TH JUDICIAL DISTRICT** |
| | § | |
| **SOUTHWEST AIRLINES CO.,** | § | |
| **Defendant.** | § | **TRAVIS COUNTY, TEXAS** |

## DEFENDANT'S ORIGINAL ANSWER

Defendant Southwest Airlines Co. ("Defendant" or "Southwest") files its Original Answer to Plaintiff's Original Petition respectfully showing as follows:

### I.   GENERAL DENIAL

1. As authorized by Rule 92 of the Texas Rules of Civil Procedure and without waiving its rights to file other special exceptions, special denials, or other pleadings as it may deem appropriate, Defendant generally denies each and every allegation contained in the Plaintiff's Original Petition, and demands strict proof of each.

### II.   AFFIRMATIVE DEFENSES

2. Defendant affirmatively pleads that Plaintiff's claims are not within the subject matter jurisdiction of this or any court.

3. Defendant affirmatively pleads that all claims asserted in this action are preempted by the Railway Labor Act.

4. Defendant affirmatively pleads that Plaintiff was not denied any right or entitlement under the FMLA.

5. Defendant affirmatively pleads that its employment decisions with regard to Plaintiff were based on legitimate, non-discriminatory, and non-retaliatory reasons unrelated to Plaintiff's exercise of FMLA rights.

6. Defendant affirmatively pleads Plaintiff is not entitled to liquidated damages under 29 U.S.C. § 2617(a)(1)(A)(iii) because, at all times relevant to this action, any challenged conduct was made in good faith, and Defendant had reasonable grounds for believing that its act or omission was not a violation of the FMLA.

7. Defendant affirmatively pleads that Plaintiff has failed to mitigate his damages to the extent that he has failed to use reasonable diligence to find or maintain substantially equivalent employment.

8. Defendant affirmatively pleads that to the extent Plaintiff is able to prove that an improper motive was a factor in any challenged employment decision, the same employment decision would have been made regardless of any alleged improper motive.

9. Defendant affirmatively asserts all limitations on damages set forth in 29 U.S.C. §§ 2600 et seq.

### IV.   PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing, and that it recover all attorney's fees and costs, and for such other and further relief, general or special, either at law or in equity, to which it may be justly entitled.

Respectfully submitted,

/s/ Bruce A. Griggs
Bruce A. Griggs
State Bar No.  08487700
bruce.griggs@ogletreedeakins.com
Daniel A. Verrett
State Bar No. 24075220
daniel.verrett@ogletreedeakins.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
301 Congress Avenue, Ste. 1150
Austin, Texas  78701
512-344-4700
512-344-4701 (Fax)

ATTORNEYS FOR DEFENDANT
SOUTHWEST AIRLINES CO.

## CERTIFICATE OF SERVICE

This is to certify that I have this 22nd of July, 2016, served via email, a true and correct copy of the foregoing document to all counsel as follows:

John F. Melton
The Melton Law Firm, P.L.L.C.
2705 Bee Caves Road, Suite 230
Austin Texas 78746
512.330.0017
512.330.0067
jmelton@jfmeltonlaw.com

/s/ Bruce A. Griggs
Bruce A. Griggs/Daniel A. Verrett

25380688.1