IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TATE CLARK, | § § § | |
| Plaintiff, | § § | |
| v. | § | 1:16-CV-910-RP |
| SOUTHWEST AIRLINES COMPANY, | § § § | |
| Defendant. | § § | |

## ORDER

Before the Court in the above-entitled action is Defendant's Motion to Stay Proceedings. (Dkt. 11). Having reviewed the motion and the responsive filings thereto, applicable law, and the entire case law, the Court hereby issues the following Order.

## I. BACKGROUND AND OVERVIEW

Plaintiff Tate Clark ("Plaintiff") filed suit against Defendant Southwest Airlines Company ("Defendant") in Texas state court in June 2016, alleging Defendant violated the Family Medical Leave Act ("FMLA") by interfering with his rights under the FMLA and by retaliating against him for engaging in activity protected by the FMLA. (*See generally* Dkt. 1-1). Plaintiff seeks damages including lost wages and benefits, interest, and liquidated damages. (*Id.* at 4). Defendant removed the matter to federal court on July 27, 2016. (Dkt. 1).

On January 26, 2017, Defendant filed the instant motion, which urges the Court to stay these proceedings pending the outcome of labor arbitration. (Dkt. 11). The first day of labor arbitration was held on March 30, 2017, but Defendant does not expect the second day of arbitration to take place until, at the earliest, June 2017. (Supplement, Dkt. 16, ¶¶ 1–2).

## II. LEGAL STANDARD

Section 3 of the Federal Arbitration Act ("Section 3") provides that a district court must stay a lawsuit when a party demonstrates that any issue involved in the suit is "referable to arbitration under an agreement in writing for such arbitration." 9 U.S.C. § 3; *Complaint of Hornbeck Offshore (1984) Corp.*, 981 F.2d 752, 754 (5th Cir. 1993). The provision is mandatory and demands a stay of legal proceedings "whenever the issues in a case are within the reach of an arbitration agreement." *Id.* at 754 (quoting *Midwest Mech. Contractors, Inc. v. Commonwealth Constr. Co.*, 801 F.2d 748 (5th Cir. 1986)). The mandatory stay provision also applies to non-signatories to an arbitration agreement when the suit sought to be stayed (1) involves the same operative facts, (2) involves inherently inseparable claims, and (3) has a critical impact on the arbitration. *Waste Mgmt., Inc. v. Residuos Industriales Multiquim, S.A. de C.V.*, 372 F.3d 339, 345 (5th Cir. 2004).

Courts also have discretionary authority to issue a stay pending the outcome of the arbitration. *Hornbeck Offshore*, 981 F.2d at 755. That power is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Determining whether to issue a discretionary stay "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254–55.

## III. DISCUSSION

In the instant matter, the Court is unable to determine the applicability of Section 3 given Defendant's failure to identify, define, or explain the arbitration agreement in question. *See Waste Management*, 372 F.3d at 340 (describing and identifying the arbitration agreement in question and applying Section 3 to a non-signatory to that agreement); *Broussard v. First Tower Loan, LLC*, 150 F. Supp. 3d. 709, 714–15 (E.D. La. 2015) (describing an arbitration agreement and granting a motion to stay pursuant to Section 3).

If the Court is to grant Defendant's Motion to Stay, it must therefore do so pursuant to its discretionary authority. As noted above, determining whether to issue a discretionary stay is an exercise of judgment that weighs the competing interests of the parties. *Landis*, 299 U.S. at 254. Ultimately, the burden is upon the party seeking the stay to "make out a clear case of hardship or inequity in being required to go forward if there is even a fair possibility that the stay for which he prays will work damage to someone else." *In re Davis*, 730 F.2d 176, 178 (5th Cir. 1984) (quoting *Landis*, 299 U.S. at 255). "[W]hen granting a stay pending resolution of another case, the court must consider the time expected for resolution of that case. The resultant stay must not be of immoderate or indefinite duration." *Pecan East Antonio Inv'rs, Inc. v. KPMG LLP*, No. 5:04-CA-677, 2005 WL 2105751, at *4 (W.D. Tex. Aug. 31, 2005) (citing *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir.1983)).

While Defendant cites a number of cases in which courts granted discretionary stays due to ongoing arbitration proceedings, those opinions all incorporate a discussion of the arbitration agreement in question. *See U.S. ex. Rel. John Jamar Const. Servs. V. Travelers Cas. & Sur. Co. of Am.*, No. H-14-3363, 2015 WL 757858, at *1 (S.D. Tex. Feb. 23, 2015) ("The subcontract . . . includes a broad and mandatory arbitration clause."); *Mosaic Underwriting Serv., Inc. v. Moncla Marine Operations, L.L.C.*, No. 12-2183, 2013 WL 2903083, at *5 (E.D. La. June 12, 2013) (identifying a signatory defendant and nonsignatory plaintiff); *Suzlon Infrastructure, Ltd. V. Pulk*, No. H-09-2206, 2010 WL 3540951, at *2 (S.D. Tex. Sept. 10, 2010) (quoting the arbitration provision at issue); *Shores of Panama, Inc. v. Safeco Ins. Co. of Am.*, No. 07-602, 2008 WL 4417558, at *1 (S.D. Ala. Sept. 29, 2008) (describing a contract between a plaintiff and defendant and quoting the contract's arbitration provision); *Midland Walwyn Capital Inc. v. Spear, Leeds & Kellogg*, No. 92-2236, 1992 WL 249914, at *1–2 (S.D.N.Y. Sept. 22, 1992) (citing the arbitration agreement at issue).

Here, Defendant argues that a stay is appropriate because "judicial efficiency and economy weigh[] in favor of staying this litigation until clarity prevails regarding the relief, if any, the labor arbitrator awards [Plaintiff]." (Mot. Stay, Dkt. 11, at 6). In response, Plaintiff argues that he would not be able to obtain liquidated damages via the pending arbitration and that the arbitration has been pending for almost two years. (Resp., Dkt. 12, at 2).

Given Defendant's narrow emphasis on judicial economy and failure to "make out a clear case of hardship or inequity in being required to go forward," even in the face of potential damage to Plaintiff, the Court finds that exercising its discretionary authority to issue a stay is unwarranted. *See in re Davis*, 730 F.2d at 178.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion to Stay, (Dkt. 11), is hereby **DENIED WITHOUT PREJUDICE**.

**SIGNED** on April 21, 2017.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE